# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Aura Matias as Personal Representative of the Estate of Lazaro Antonio Barrios,<br><br>　　　　Plaintiff,<br>　v.<br><br>Kenda Rubber Industrial Co., Ltd.;<br>American Kenda Rubber Industrial Co.;<br>Ltd., d/b/a Kenda Tire and/or Kenda USA;<br>Kenda American Technology Center; and<br>Parrish Tire Company,<br><br>　　　　Defendants. | Case No. 2:24-cv-7578-RMG<br><br><br>**OPINION AND ORDER** |

Before the Court is Defendant Kenda Rubber Industrial Co.'s ("Kenda Taiwan") Motion to Dismiss (Dkt. No. 6) for improper service and lack of personal jurisdiction.

For the reasons set forth below, the Court grants Defendant Kenda Taiwan's Motion to Dismiss for lack of personal jurisdiction.

## I.   Background

This is a product liability action brought within the Court's diversity jurisdiction. Plaintiff is the Personal Representative of the Estate of Lazaro Antonio Barrios. Decedent Barrios was driving in Colleton County, South Carolina when his vehicle, fitted with a Kenda tire, left the roadway. Decedent sustained injuries resulting in his death.

## II.  Procedural History

On November 8, 2024, Plaintiff brought suit in the Court of Common Pleas against Defendants Kenda Taiwan, American Kenda Rubber Industrial Co. ("American Kenda"), Kenda American Technology Center ("Kenda Technology"), and Parrish Tire Company ("Parrish").

1

Plaintiff alleges that Defendants Kenda Taiwan, American Kenda, and Kenda Technology are collectively in the business of designing, manufacturing, selling, and distributing tires. (Dkt. No. 1-1 at 5).

On December 23, 2024, Defendants filed a notice of removal to this court. *Id.* On January 21, 2025, Defendant Kenda Taiwan filed a Motion to Dismiss. (Dkt. No. 6). In its motion, Kenda Taiwan argues that the Court lacks personal jurisdiction over it and that service of process was insufficient. In support of its argument, Kenda Taiwan submitted the affidavit of its Vice President which, among other things, states that Kenda Taiwan has never sold products to customers in South Carolina, has no distributors or customers in the state, is not registered to do business in the state, does not maintain an office in the state, has no real or personal property in the state, and has no employees in the state. (Dkt. No. 6-2). On these facts, Kenda Taiwan argues that there can be no personal jurisdiction under South Carolina's long-arm statute and that exercising jurisdiction over it would not comport with the requirements of due process. (Dkt. No. 6-2).

The motion is ripe and ready for this Court's review.

### III. Legal Standard

When a district court considers a question of personal jurisdiction based on the contents of the complaint and supporting affidavits without an evidentiary hearing, the plaintiff has the burden to make a *prima facie* showing in support of their assertion of jurisdiction. *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). When deciding if a plaintiff has met this burden, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). The court may consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, when ruling on a

motion to dismiss for lack of personal jurisdiction without converting the motion to one for summary judgment. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc*., 784 F. Supp. 306, 310 (D.S.C. 1992).

Personal jurisdiction may arise through specific or general jurisdiction. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc*., 293 F.3d 707, 711 (4th Cir. 2002). To assert general jurisdiction, a defendant's contacts must be "so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citations omitted). For a corporation, that traditionally renders them subject to general jurisdiction in its state of incorporation or principal place of business. *Id*. at 137.

To assert specific jurisdiction over a foreign corporation under a long-arm statute, two requirements must be satisfied. First, a statutory inquiry determining if such jurisdiction is authorized by the long-arm statute of the state in which the district court sits. Second, if that authorization exists, "the Due Process Clause of the Fourteenth Amendment requires that the defendant have sufficient minimum contacts with the forum state." *CFA Inst*, 551 F.3d 285, 292 (4th Cir. 2009).

First, the relevant state law. South Carolina's long-arm statute provides as follows:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's:
> (1) transacting any business in this State;
> (2) contracting to supply services or things in the State;
> (3) commission of a tortious act in whole or in part in this State;

> (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;
> (5) having an interest in, using, or possessing real property in this State;
> (6) contracting to insure any person, property, or risk located within this State at the time of contracting;
> (7) entry into a contract to be performed in whole or in part by either party in this State; or
> (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

S.C. Code Ann. § 36-2-803 (2005). Because South Carolina's long-arm statute has been "interpreted to reach the outer bounds permitted by the Due Process Clause," the statutory inquiry merges with the constitutional inquiry. *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).

In regard to the Due Process requirement, the defendant must have established sufficient "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). To determine whether "minimum contacts" have been established, courts should conduct a three-prong test to examine: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009) (cleaned up). This test ensures that a defendant will not be brought into a jurisdiction solely due to "random," "fortuitous," or "attenuated" contact with that jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "Failure to satisfy any of the three prongs is fatal to a court's ability to

exercise specific jurisdiction." *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 405 (D.S.C. 2012) (citation omitted).

Courts have considered several nonexclusive factors when considering the first prong, purposeful availment: (1) whether defendant maintains offices or agents in the forum state; (2) whether defendant owns property in the forum state; (3) whether defendant reached into the forum state to solicit or initiate business; (4) whether defendant deliberately engaged in significant or long-term business activities in the forum state; (5) whether the parties contractually agreed that the law of the forum state would govern disputes; (6) whether defendant made in-person contact with the resident in the forum state regarding the business relationship; (7) the nature, quality, and extent of the parties' communications about the business being transacted; and (8) whether the performance of contractual duties was to occur within the forum." *Universal Leather*, 773 F.3d 553, 559 (4th Cir. 2014) (citing *Consulting Eng'rs*, 561 F.3d 273, 278 (4th Cir. 2009)).

### IV.  Discussion

As an initial matter, Plaintiff frequently blends the allegations made against Kenda Taiwan and American Kenda together for purposes of jurisdiction. Plaintiff's allegations often refer to "Kenda" as behaving in some way without specifying the acts of any individual defendant. (Dkt. No. 1-1 ¶9). Merely owning a subsidiary that routinely conducts business within the forum does not constitute purposeful availment. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276 (4th Cir. 2005). For purposes of determining jurisdiction, "Plaintiff's sweeping, undifferentiated references to groups of defendants" are insufficient to establish personal jurisdiction. *Goodwin v. Bruggeman-Hatch*, No. 13-CV-02973-REB-MEH, 2014 WL 4243822, at *1 (D. Colo. Aug. 27, 2014).

The Court does not have general jurisdiction over Kenda Taiwan. Kenda Taiwan is not incorporated in South Carolina, nor does it maintain its principal place of business in South Carolina. Plaintiff has not presented any other facts to indicate that Kenda Taiwan is "essentially at home" in South Carolina. Therefore, general jurisdiction does not exist here.

Turning to specific jurisdiction, since the statutory inquiry has merged with the constitutional inquiry, the question before the Court is whether Plaintiff has shown that Defendant has established sufficient minimum contacts with South Carolina by a three-prong test: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs*, 561 F.3d 273, 277 (4th Cir. 2009) (cleaned up).

Plaintiff has not shown a *prima facie* case for specific jurisdiction over Kenda Taiwan. Under the first prong of purposeful availment, Kenda Taiwan does not satisfy the relevant factors. Kenda Taiwan does not maintain offices or agents in South Carolina or own property in South Carolina. (Dkt. No. 6-1 at 2). Kenda Taiwan has not contracted in South Carolina or selected the law of South Carolina to govern disputes. *Id.* Kenda Taiwan has never assigned employees to work in South Carolina. *Id.*

The mere fact that Kenda Taiwan's products are sold in South Carolina cannot alone support a finding that they have purposefully availed themselves of conducting business in the State. As the United States Supreme Court explained in *Asahi Metal Industry v. Superior Court of California*:

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

480 U.S. 102, 112 (1987).

Even assuming that Plaintiff made a *prima facie* showing that Defendant purposefully availed itself of the privilege of conducting business within South Carolina, Plaintiff has failed to satisfy the second prong of the inquiry by demonstrating a connection between the activity underlying their claims and South Carolina. "To exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (cleaned up). Plaintiff's underlying claims are that Kenda Taiwan's products are sold in South Carolina, its website lists dealers that carry its products in South Carolina (Dkt. No. 18 at 12-13), and its Minimum Advertising Policy directs advertising towards South Carolina (*Id.* at 27-28). Kenda Taiwan's website lists its South Carolina distributors among the rest of its distributors across the world. The Minimum Advertising Policy was a national program that lacked a state specific focus. And "[i]n an age of modern advertising and national media publications and markets, plaintiffs' argument that such conduct would make a defendant amenable to suit wherever the advertisements were aired would substantially undermine the law of personal jurisdiction." *Giangola v. Walt Disney World Co.*, 753 F.Supp. 148, 156 (D.N.J. 1990).

Further, courts have recognized that the "mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Toys "R" U.S. v. Step Two S.A.*, 318 F.3d 446, 454 (3d Cir.2003). The Fourth Circuit has "adopted the 'sliding scale' model articulated in *Zippo Manufacturing*, to help determine when a defendant's online activities are sufficient to justify the exercise of personal jurisdiction." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352–53 (4th Cir. 2020) (citing *Zippo Manufacturing Co. v. Zippo Dot Com*, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997)). In "adopting and adapting the Zippo model, [the court] conclude[d] that a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002). The Fourth Circuit subsequently cautioned that, "Regardless of where on the sliding scale a defendant's web-based activity may fall, however, [w]ith respect to specific jurisdiction, the touchstone remains that an out-of-state person have engaged in some activity purposefully directed toward the forum state…creat[ing] a substantial connection with the forum state.'" *UMG Recordings*, 963 F.3d at 352-53 (internal citations omitted). Even assuming that Kenda Taiwan's advertising was directed towards South Carolina, the Court finds no link between the activity underlying Plaintiff's claims—the failure of a tire manufactured by Kenda Taiwan—and South Carolina.

The third prong, "that the exercise of personal jurisdiction be constitutionally reasonable—permits a court to consider additional factors to ensure the appropriateness of the forum once it has determined that a defendant has purposefully availed itself of the privilege of doing business there." *Consulting Eng'rs*, 561 F.3d at 279 (4th Cir. 2009) (citation omitted). "Such factors include:

8

(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." *Id*. Here, this prong also weighs against the Plaintiff. As the Supreme Court has explained, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Ind. Co. v. Superior Court*, 480 U.S. 102, 114 (1987); *see also Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir.2002). Here, as a foreign-based defendant, Kenda Taiwan would face the "unique burdens" placed upon those defending themselves in a foreign legal system. Because Plaintiff has failed to satisfy the first two prongs of the specific jurisdiction test, a detailed analysis of this third prong is unnecessary.

In sum, Plaintiff seeks to rely on the fact that Kenda Taiwan's products are sold and marketed nationwide as a basis for haling Kenda Taiwan into court in South Carolina. On Plaintiff's logic, Kenda Taiwan could be sued anywhere in the United States, simply because its products are sold anywhere in the United States. But that is not the law of specific personal jurisdiction. Plaintiff has separately and independently failed each prong of the three-part test for demonstrating minimum contacts with the forum.

As a result, the Court finds that it does not have specific jurisdiction over Defendant Kenda Taiwan. Considering this ruling, the Court need not address the question of whether service of process on Defendant was sufficient.

## V. Conclusion

In light of the foregoing, Defendant Kenda Taiwan's Motion to Dismiss (Dkt. No. 6) is **GRANTED**. Plaintiff's claims against Kenda Taiwan are **DISMISSED WITHOUT PREJUDICE.**

AND IT IS SO ORDERED.

                                                 _s/ Richard Mark Gergel_

                                                 Richard Mark Gergel
                                                 United States District Judge

May 14, 2025
Charleston, South Carolina