# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Aura Matias as Personal Representative of the Estate of Lazaro Antonio Barrios, | Case No. 2:24-cv-7578-RMG |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Kenda Rubber Industrial Co., Ltd.; American Kenda Rubber Industrial Co.; Ltd., d/b/a Kenda Tire and/or Kenda USA; Kenda American Technology Center; and Parrish Tire Company, | |
| Defendants. | |

Before the Court is Defendant American Kenda Rubber Industrial Co.'s ("American Kenda") Motion to Dismiss for lack of personal jurisdiction. (Dkt. No. 6).

For the reasons set forth below, the Court denies the motion.

## I.  Background

This is a product liability action brought within the Court's diversity jurisdiction. Plaintiff is the Personal Representative of the Estate of Lazaro Antonio Barrios. Decedent Barrios was driving in Colleton County, South Carolina when his vehicle, fitted with a Kenda tire, left the roadway. Decedent sustained injuries resulting in his death.

## II.  Procedural History

On November 8, 2024, Plaintiff brought suit in the Court of Common Pleas against Defendants American Kenda, Kenda Rubber Industrial Co. ("Kenda Taiwan"), Kenda American Technology Center ("Kenda Technology"), and Parrish Tire Company ("Parrish"). Plaintiff

1

alleges that Defendants Kenda Taiwan, American Kenda, and Kenda Technology are collectively in the business of designing, manufacturing, selling, and distributing tires. (Dkt. No. 1-1 at 5).

On December 23, 2024, Defendants filed a notice of removal to this court. *Id.* On January 21, 2025, Defendant American Kenda filed a Motion to Dismiss. (Dkt. No. 7). In its motion, American Kenda argues that the Court lacks personal jurisdiction over it and that service of process was insufficient. In support of its argument, American Kenda submitted the affidavit of its Chief Financial Officer which, among other things, states that American Kenda is not incorporated in South Carolina, has only once had an employee physically located in the state, has never been registered to do business in the state, and never paid taxes in the state. (Dkt. No. 7-2). On these facts, American Kenda argues that there can be no personal jurisdiction under South Carolina's long-arm statute and that exercising jurisdiction over it would not comport with the requirements of due process. (Dkt. No. 6-2).

The motion is ripe and ready for this Court's review.

### III.    Legal Standard

When a district court considers a question of personal jurisdiction based on the contents of the complaint and supporting affidavits without an evidentiary hearing, the plaintiff has the burden to make a *prima facie* showing in support of their assertion of jurisdiction. *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). When deciding if a plaintiff has met this burden, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). The court may consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, when ruling on a motion to dismiss for lack of personal jurisdiction without converting the motion to one for

summary judgment. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992).

Personal jurisdiction may arise through specific or general jurisdiction. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002). To assert general jurisdiction, a defendant's contacts must be "so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citations omitted). For a corporation, that traditionally renders them subject to general jurisdiction in its state of incorporation or principal place of business. *Id*. at 137.

To assert specific jurisdiction over a foreign corporation under a long-arm statute, two requirements must be satisfied. First, a statutory inquiry determining if such jurisdiction is authorized by the long-arm statute of the state in which the district court sits. Second, if that authorization exists, "the Due Process Clause of the Fourteenth Amendment requires that the defendant have sufficient minimum contacts with the forum state." *CFA Inst*, 551 F.3d 285, 292 (4th Cir. 2009).

First, the relevant state law. South Carolina's long-arm statute provides as follows:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's:
> (1) transacting any business in this State;
> (2) contracting to supply services or things in the State;
> (3) commission of a tortious act in whole or in part in this State;
> (4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;

> (5) having an interest in, using, or possessing real property in this State;
> (6) contracting to insure any person, property, or risk located within this State at the time of contracting;
> (7) entry into a contract to be performed in whole or in part by either party in this State; or
> (8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

S.C. Code Ann. § 36-2-803 (2005). Because South Carolina's long-arm statute has been "interpreted to reach the outer bounds permitted by the Due Process Clause," the statutory inquiry merges with the constitutional inquiry. *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).

In regard to the Due Process requirement, the defendant must have established sufficient "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). To determine whether "minimum contacts" have been established, courts should conduct a three-prong test to examine: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009) (cleaned up). This test ensures that a defendant will not be brought into a jurisdiction solely due to "random," "fortuitous," or "attenuated" contact with that jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "Failure to satisfy any of the three prongs is fatal to a court's ability to exercise specific jurisdiction." *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 405 (D.S.C. 2012) (citation omitted).

Courts have considered several nonexclusive factors when considering the first prong, purposeful availment: (1) whether defendant maintains offices or agents in the forum state; (2) whether defendant owns property in the forum state; (3) whether defendant reached into the forum state to solicit or initiate business; (4) whether defendant deliberately engaged in significant or long-term business activities in the forum state; (5) whether the parties contractually agreed that the law of the forum state would govern disputes; (6) whether defendant made in-person contact with the resident in the forum state regarding the business relationship; (7) the nature, quality, and extent of the parties' communications about the business being transacted; and (8) whether the performance of contractual duties was to occur within the forum." *Universal Leather*, 773 F.3d 553, 559 (4th Cir. 2014) (citing *Consulting Eng'rs*, 561 F.3d 273, 278 (4th Cir. 2009)).

IV.  **Discussion**

As an initial matter, Plaintiff frequently blends the allegations made against Kenda Taiwan and American Kenda together for purposes of jurisdiction. Plaintiff's allegations often refer to "Kenda" as behaving in some way without specifying the acts of any individual defendant. (Dkt. No. 1-1 ¶9). Merely owning a subsidiary that routinely conducts business within the forum does not constitute purposeful availment. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276 (4th Cir. 2005). For purposes of determining jurisdiction, "Plaintiff's sweeping, undifferentiated references to groups of defendants" are insufficient to establish personal jurisdiction. *Goodwin v. Bruggeman-Hatch*, No. 13-CV-02973-REB-MEH, 2014 WL 4243822, at *1 (D. Colo. Aug. 27, 2014).

The Court does not have general jurisdiction over American Kenda. American Kenda is not incorporated in South Carolina, nor does it maintain its principal place of business in South

Carolina. Plaintiff has not presented any other facts to indicate that American Kenda is "essentially at home" in South Carolina. Therefore, general jurisdiction does not exist here.

Turning to specific jurisdiction, since the statutory inquiry has merged with the constitutional inquiry the question before the Court is whether Plaintiff has shown that Defendant has established sufficient minimum contacts with South Carolina by a three-prong test: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs*, 561 F.3d 273, 277 (4th Cir. 2009) (cleaned up).

Construing "all relevant pleading allegations in the light most favorable to the plaintiff," assuming their credibility, and drawing "the most favorable inferences for the existence of jurisdiction," the Court finds that plaintiffs have shown a *prima facie* case for specific jurisdiction over American Kenda. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989).

Under the first prong of purposeful availment, American Kenda satisfies several factors. In their Response in Opposition to Defendant's Motion to Dismiss, Plaintiffs point to several employees of American Kenda who at various times acted as "regional sales managers" with an area of focus that included South Carolina. (Dkt. No. 18 at 24-25). Plaintiffs assert that one of these employees listed one of their duties was to "develop and grow business at the retail level." (Dkt. No. 18 at 25). This constitutes reaching "into the forum state to solicit or initiate business." *Universal Leather*, 773 F.3d 553, 559 (4th Cir. 2014). Further, Plaintiffs assert that American Kenda has created and maintained a program that engages their dealers to assist them in selling Kenda products and reward them based on performance. (Dkt. No. 18 at 26-27). This constitutes

engaging in "significant or long-term business activities" in South Carolina. *Universal Leather*, 773 F.3d 553, 559 (4th Cir. 2014).

Plaintiff has satisfied the second prong of the inquiry by demonstrating a connection between the activity underlying their claims and South Carolina. In *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*., the Supreme Court explained that cases with fact patterns similar to the matter here—in that instance, a plaintiff sues a global car company that serves the forum market for an in-state accident—is a "paradigm example [] of how specific jurisdiction works." 592 U.S. 351, 366 (2021). The Court held that for specific jurisdiction to apply, it is not necessary for the defendant's conduct with the forum give rise to the plaintiff's claims, rather they required only that the suit "arise out of or relate to the defendant's contacts with the forum." *Id.* at 361. There is no requirement for a defendant's contacts to have a causational link to the plaintiff's claims. Kenda America's contacts with South Carolina, including employees who developed business here and programs that continuously engaged distributors here, is a sufficient connection to the Plaintiff's claims. *Id*. at 351 ("Because [Defendant] had systematically served a market…for the very vehicles that the plaintiffs allege malfunctioned and injured them in those states, there is a strong relationship among the defendant, the forum, and the litigation—the essential foundation of specific jurisdiction.") (internal quotations omitted).

The third prong, "that the exercise of personal jurisdiction be constitutionally reasonable— permits a court to consider additional factors to ensure the appropriateness of the forum once it has determined that a defendant has purposefully availed itself of the privilege of doing business there." *Consulting Eng'rs*, 561 F.3d at 279 (4th Cir. 2009) (citation omitted). "Such factors include: (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4)

the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." *Id*. Plaintiffs have satisfied this test. As the Supreme Court explained in *World-Wide Volkswagen*, "it is not unreasonable to subject [the Defendant] to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Here, like in *World-Wide Volkswagen*, Plaintiff claims that Defendant's defective merchandise caused harm to themselves. "Implicit in this emphasis on reasonableness is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors." *Id.* at 292. As a company with a national presence, the burden on American Kenda of litigating in this forum is minimal. Further, the Plaintiff has a significant interest in obtaining convenient and effective relief in the forum. South Carolina is the location where the incident took place, where much of the evidence is located, and where much of the testimony will arise from. The Plaintiff's interest in obtaining effective relief is tied to the convenience of access to those important elements. Lastly, the forum state's interest in adjudicating this dispute is significant. By conducting business in South Carolina, American Kenda "enjoys the benefits and protection" of its laws. *Int'l Shoe Co*, 326 U.S. 310, 319 (1945). Those benefits create a reciprocal obligation that the products American Kenda distributes in South Carolina be safe for their citizens to use. A court's enforcement of that commitment, can "hardly said to be undue." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*., 592 U.S. 351, 368 (2021) (citing *Int'l Shoe*, 326 U.S. 310, 319 (1945)).

In sum, Plaintiff has shown a *prima facie* case of specific jurisdiction over Defendant.

## V. Conclusion

In light of the foregoing, Defendant American Kenda's Motion to Dismiss (Dkt. No. 6) is **DENIED**.

**AND IT IS SO ORDERED.**

        _s/ Richard Mark Gergel_

        Richard Mark Gergel
        United States District Judge

May 19, 2025
Charleston, South Carolina