UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Aura Matias as Personal Representative of the Estate of Lazaro Antonio Barrios, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No.: 2:24-cv-7578-RMG |
| v. | ) ) | |
| American Kenda Rubber Industrial Co.; Ltd., d/b/a Kenda Tire and/or Kenda USA; Kenda American Technology Center; and Parrish Tire Company, | ) ) ) ) ) ) | **ORDER AND OPINION** |
| Defendants. | ) ) | |

This matter comes before the Court on the Petition of Aura Matias, as Personal Representative of the Estate of Lazaro Antonio Barrios, for Approval of Wrongful Death Settlement (the "Petition"). As described in the Petition, this action arises from the wrongful death of Lazaro Antonio Barrios ("Decedent"), which Petitioner alleges was caused by unmitigated defects in a tire that Petitioner alleges was designed, manufactured, distributed, and sold by Defendants. Specifically, Petitioner asserted claims against Defendants sounding in: (i) negligence, gross negligence, survival, and wrongful death; (ii) strict liability; and (iii) breach of warranty. Defendants expressly deny Plaintiff's claims and any wrongdoing.

Petitioner is the duly appointed Personal Representative of the Estate of Lazaro Antonio Barrios, having been so appointed by the Probate Court for Miami-Dade County, Florida. Petitioner is represented jointly by Parker Law Group, LLP, Lanier & Burroughs, LLC, and The Brown Law Group, LLC. The Kenda Defendants—American Kenda Rubber Industrial Co.; Ltd., d/b/a Kenda Tire and/or Kenda USA, and Kenda American Technology Center—are represented

by Barnwell, Whaley, Patterson, and Helms, LLC. Defendant Parrish Tire Company is represented by Holder, Padgett, Littlejohn & Prickett, LLC. The parties are properly before the Court, no question exists as to misjoinder or nonjoinder of the parties, and the Court has jurisdiction over the subject matter and the parties.

The parties have agreed to fully and finally resolve, by compromise and settlement, any and all claims, disputes, and obligations, known or unknown, that they may have against each other arising from or related to the subject incident. The parties intend, understand, and agree that the settlement is a compromise of disputed claims and that neither the settlement payment nor any other term of the settlement shall be deemed, characterized, or construed as an admission of fault or liability by Defendants.

Having reviewed the Petition, the Disbursement Statement attached thereto as Exhibit A, and the record in this matter, the Court finds the proposed settlement terms to be as follows:

1. The Estate of Lazaro Antonio Barrios will receive total gross settlement proceeds in the amount of One Million and 00/100 Dollars ($1,000,000.00), to be paid as follows:

   A. The Kenda Defendants, through their insurance carrier, MSIG Mingtai Insurance Co., Ltd., will pay Eight Hundred Fifty Thousand and 00/100 Dollars ($850,000.00) to the Estate of Lazaro Antonio Barrios; and

   B. Defendant Parrish Tire Company, through its insurance carrier, Central Mutual Insurance Company, will pay One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) to the Estate of Lazaro Antonio Barrios.

2. From the gross settlement proceeds, attorney's fees in the total amount of Four Hundred Thousand and 00/100 Dollars ($400,000.00), representing forty percent (40%) of the gross settlement, shall be paid and divided among counsel as follows:

   A. Parker Law Group, LLP: One Hundred Ninety Thousand and 00/100 Dollars ($190,000.00);

   B. Lanier & Burroughs, LLC: One Hundred Ninety Thousand and 00/100 Dollars ($190,000.00); and

   C. The Brown Law Group, LLC: Twenty Thousand and 00/100 Dollars ($20,000.00).

3. From the gross settlement proceeds, counsel shall be reimbursed for costs advanced in the total amount of Fifty-Three Thousand, Five Hundred Fifty-Two and 39/100 Dollars ($53,552.39), as follows:

   A. Parker Law Group, LLP: Fifty-Three Thousand, One Hundred Two and 39/100 Dollars ($53,102.39); and

   B. Lanier & Burroughs, LLC: Four Hundred Fifty and 00/100 Dollars ($450.00).

4. After payment of the attorney's fees and costs set forth above, the net settlement proceeds in the amount of Five Hundred Forty-Six Thousand, Four Hundred Forty-Seven and 61/100 Dollars ($546,447.61) shall be disbursed to Mirna Doraliz Najera, as the sole statutory wrongful death beneficiary of the Decedent.

This action was initiated as both a wrongful death and survival action pursuant to the South Carolina Wrongful Death Act, S.C. Code Ann. § 15-51-10, et seq., and the South Carolina Survival Statute, S.C. Code Ann. § 15-5-90. Through the course of litigation, including review of the death certificate, the coroner's report, forensic autopsy findings, and deposition testimony, the evidence establishes that the Decedent died upon impact as a result of blunt force trauma to the head

sustained in the subject collision. In light of this evidence, the Court finds that the Decedent suffered no conscious pre-death pain, suffering, or anguish that would give rise to recoverable survival-action damages under S.C. Code Ann. § 15-5-90. Accordingly, the Court finds it reasonable to allocate one hundred percent (100%) of the total settlement proceeds to the wrongful death claim brought for the benefit of the Decedent's statutory beneficiaries pursuant to S.C. Code Ann. § 15-51-10, et seq., and zero percent (0%) to the survival claim. No survival-action damages are sought or recovered in connection with this settlement.

At the time of his death, the Decedent was not survived by a spouse or any children. The death certificate identifies the Decedent's mother, Mirna Doraliz Najera, age 81, who is the sole surviving parent of the Decedent. Pursuant to South Carolina's laws of intestate succession, and there being no surviving spouse or children, Mirna Doraliz Najera is the sole statutory wrongful death beneficiary entitled to receive the net proceeds of this settlement. The Court further finds that the Estate of Lazaro Antonio Barrios has no creditors and that there are no known liens against the settlement proceeds.

The Court has reviewed the summary of services of counsel as set forth in the Petition. The requested attorney's fees are based upon the parties' signed representation agreements, which provide for a forty percent (40%) contingency fee, and are customary in personal injury and wrongful death cases in South Carolina, particularly those involving the complex legal issues encountered in this litigation, including claims arising on a federal enclave. The Court has considered the time and labor expended by counsel; the novelty and difficulty of the questions presented; the skill, experience, and reputation of counsel; the contingent nature of the representation; and the results obtained. Having done so, the Court finds that counsel's attorney's fees and costs are fair, reasonable, and customary.

Having inquired into the matters alleged in the Petition, the Court finds that the controversy resolved by the settlement is in good faith and that the proposed settlement is fair, reasonable, and just under the circumstances, and is in the best interests of the Estate of Lazaro Antonio Barrios and its statutory beneficiary. The verification of the Personal Representative, Aura Matias, confirms that she believes the proposed settlement is fair and reasonable, serves the best interests of the Estate, and that the attorney's fees requested are reasonable.

Consequently, it is hereby **ORDERED** that the Petition for Approval of Wrongful Death Settlement is **GRANTED**, and the proposed settlement, including the allocation and distributions set forth in the Petition, the attached Disbursement Statement, and this Order, is **APPROVED**. The Court **AUTHORIZES** Petitioner to execute any and all documents necessary to effectuate the settlement and to disburse the settlement proceeds in accordance with the terms set forth herein. Plaintiff's claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 4th, 2026
Charleston, South Carolina